# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM L. WOLFBRANDT, BAR NO.
460.

No. 72316

FILED

JUL 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney William L. Wolfbrandt receive a public reprimand for violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). The panel also recommended that Wolfbrandt (1) be mentored for five years and submit monthly trust accountings to the State Bar; (2) complete six additional CLE credits in ethics and trust account management each year; (3) pay the costs of the disciplinary proceedings, plus $1,500; (4) write letters of apology to two clients; (5) reimburse one client the attorney fees she paid to her bankruptcy attorney; (6) pay the State Bar $2,500 monthly to cover restitution owed to his clients; (7) attend Alcoholics Anonymous or another such program approved by the State Bar for one year; and (8) not be subject to discipline in the next five years. The panel recommended that if Wolfbrandt does not comply with the above-listed conditions, Wolfbrandt should be ordered to surrender his license and be disbarred.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-24679

Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Wolfbrandt committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Wolfbrandt admitted to committing the violations. Thus, the record establishes that Wolfbrandt violated the above-referenced rules by misappropriating $61,468.48 from seven different clients. Two of those clients filed the underlying bar complaint after Wolfbrandt accepted personal injury settlement funds on their behalf, failed to pay those funds to his clients' lienholders, failed to pay any funds to one of the clients, and then failed to adequately communicate with his clients about the status of their settlement funds. Wolfbrandt's failure to pay one of the client's lienholders caused her to file bankruptcy and incur an additional $1,100 in attorney fees paid to her bankruptcy lawyer. After these two clients filed their bar complaint, Wolfbrandt failed to respond to the State Bar's letters of investigation.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline).

Wolfbrandt violated duties owed to his clients (diligence, communication, conflict of interest, and safekeeping property) and the profession (failing to respond to lawful requests for information by a disciplinary authority). Wolfbrandt's conduct was knowing or intentional and harmed his clients because they or their lienholders did not receive the funds they were owed. Specifically, Wolfbrandt's conduct seriously harmed one of his clients because his failure to pay her lienholders forced her to file bankruptcy. The panel found six aggravating circumstances: (1) prior disciplinary offenses, (2) dishonest or selfish motive, (3) a pattern of misconduct, (4) multiple offenses, (5) substantial experience in the practice of law, and (6) indifference to making restitution. And while the panel found one mitigating circumstance (imposition of other penalties or sanctions), it is unclear from the record before this court that Wolfbrandt has been subject to any other penalties or sanctions. Thus, there does not appear to be any mitigating circumstances here.

Considering all these factors, we conclude that the public reprimand recommended by the hearing panel is not sufficient to serve the purpose of attorney discipline in this case. *See Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. For Wolfbrandt's misconduct, disbarment is the generally recommended discipline. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2015) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). Additionally, while the panel recommended a public reprimand subject to conditions, we note that after the reprimand is issued, there would be no enforcement method for imposing a disbarment if Wolfbrandt does not comply with the

recommended conditions. We conclude, however, that a five-year suspension, with the last four years and six months stayed subject to the conditions recommended by the panel, is sufficient to serve the purpose of attorney discipline. The recommended conditions serve to protect the public, the courts, and the legal profession, especially considering that Wolfbrandt will be required to submit monthly trust accountings to the State Bar during his stayed suspension. Additionally, we note that a short suspension in this matter is more appropriate than disbarment because it allows Wolfbrandt to continue to pay restitution, which the panel found he is willing to do.

Accordingly, we hereby suspend attorney William L. Wolfbrandt from the practice of law in Nevada for a period of five years. The last four years and six months of that suspension is stayed subject to the following conditions: (1) during the stayed portion of Wolfbrandt's suspension, he shall be mentored by a mentor approved by the State Bar, which will include monthly trust accountings submitted to the State Bar by Wolfbrandt and quarterly reports submitted to the State Bar by the mentor; (2) also during the stayed portion of his suspension, he shall complete six CLE credits in ethics and trust account management per year in addition to the annually-mandated CLE hours; (3) he shall pay the costs of the disciplinary proceedings, plus $2,500 pursuant to SCR 120, within 90 days from the date of this order; (4) he shall write letters of apology to Bobby Aleman and Tessa Kiser, indicating that he will pay them restitution; (5) he shall reimburse Tessa Kiser the $1,100 she paid to her bankruptcy attorney within 120 days from the date of this order; (6) he shall pay the State Bar $2,500 monthly to cover restitution owed to his clients starting within 60 days of the date of this order and until all his

debts are satisfied; (7) he shall attend Alcoholics Anonymous or another such program dealing with gambling and/or alcohol abuse approved by the State Bar for one year; and (8) he shall not be subject to any new discipline in the next five years. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                               Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:  Chair, Southern Nevada Disciplinary Panel
     William L. Wolfbrandt, Jr.
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court